**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ANTHONY T. BROWN, ET AL. | CIVIL ACTION NO. 17-0798 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF ALEXANDRIA, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is Defendants the City of Alexandria (the "City"), the Alexandria City Council ("City Council"), and the Alexandria Police Department's ("APD") (collectively the "Defendants") unopposed "Motion to Dismiss" (Record Document 9) seeking to dismiss all claims made against the City Council and APD pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons contained in the instant Memorandum Ruling, Defendants' Motion is **GRANTED**.

**BACKGROUND**

In their state court Petition, Plaintiffs Anthony T. Brown and Bianca S. Brown (the "Plaintiffs") named the City Council and APD as Defendants. See Record Document 1-5. On June 23, 2017, this matter was removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1441. See Record Document 1. Defendants filed its Answer on March 27, 2018, raising the defense of "fail[ing] to state a claim upon which relief may be granted." Record Document 8. On May 1, 2018, Defendants filed the instant motion to dismiss seeking to dismiss all claims against the City Council and APD pursuant to Federal Rule of Civil

---

[1] The instant Motion to Dismiss was filed on May 1, 2018. See Record Document 9. According to the Notice of Motion Setting, Plaintiffs had until May 16, 2018 to file a memorandum in opposition. See Record Document 10. To date, Plaintiffs have failed to file any such opposition.

Procedure 12(b)(6), asserting neither have the capacity to be sued. See Record Document 9. Plaintiffs have not opposed the instant motion.

## LAW AND ANALYSIS

Under the Federal Rules of Civil Procedure, any motion filed under Rule 12(b) "shall be made before pleading if a further pleading is permitted." Fed. R. Civ. Proc. 12(b). Although Defendants filed an answer to the complaint before submitting their Rule 12(b)(6) motion, they listed "fail[ure] to state a claim for which relief may be granted" as an affirmative defense in their answer. Record Document 8. In that situation, several courts interpreting Rule 12(b)(6) have chosen to consider a post-answer motion to dismiss as properly before the court as long as the movant also raised the defense of failure to state a claim in his or her answer. See Delhomme v. Caremark Rx Inc., 232 F.R.D. 573, 575–76 (N.D. Tex. 2005), citing Texas Taco Cabana, L.P. v. Taco Cabana of New Mexico, 304 F.Supp.2d 903, 907 (W.D. Tex. 2003); Quintanilla v. K-Bin, Inc., 993 F.Supp. 560, 562 (S.D.Tex.1998). If the defendant has previously included failure to state a claim for which relief may be granted as an affirmative defense in his or her answer to the complaint, "thereby giving notice" of the defense, then courts will generally permit a Rule 12(b)(6) motion to be filed after the answer. See id.; see also 5B Wright & Miller, Federal Practice and Procedure: Civil § 1361 at 93 & n.6 (3d ed. 2004) (collecting cases). Since Defendants listed the defense of failure to state a claim as an affirmative defense in their responsive pleadings, the Court finds that they properly preserved the right to file a motion to dismiss under Rule 12(b)(6). Therefore, the Court finds that Defendants' Rule 12(b)(6) motion is timely and is properly before the Court.

Federal Rule of Civil Procedure 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued. However, "[t]he Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued." Angers ex rel. Angers v. Lafayette Consol. Gov't, 2007 WL 2908805, *1, n. 1 (W.D. La. 2007), citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (affirming that Pasadena Police Department had no jural existence and therefore was properly dismissed from suit). Therefore, the Court will consider Defendants' Rule 12(b)(6) motion based on a lack of capacity to be sued.

The capacity of a non-corporate entity to sue or be sued is governed by the law of the state where the district court is located. See Fed.R.Civ.P. 17(b)(3). Under the Louisiana Civil Code, there are two kinds of persons that are capable of being sued: natural persons and juridical persons. See La. Civ. Code art. 24.4. Article 24 defines a natural person as "a human being" and a juridical person as "an entity to which the law attributes personality, such as a corporation or partnership." Id. Natural persons enjoy general legal capacity to have rights and duties, but juridical persons are "creature[s] of the law and by definition, [have] no more legal capacity than the law allows." Angers ex rel. Angers v. Lafayette Consol. Gov't., 2007 WL 2908805 at *2 (citations omitted). If a person is neither natural nor juridical, then it does not have procedural capacity to sue or be sued. See Roy v. Alexandria City Council, 2007-1322, p. 4 (La. App. 3 Cir. 5/7/08), 984 So. 2d 191, 194. "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity."[2] Dantzler v. Pope, 2009 WL 959508, at *1 (E.D. La. 2009), citing City Council of Lafayette v. Bowen, 649 So.2d 611 (La. App. 3 Cir. 1994).

---

[2] In Roy, the court examined the City's Home Rule Charter to determine whether it allowed for the City Council to be sued. See Roy, 984 So.2d at 195. The Charter provided that "[a]ll powers of the city shall be

In Louisiana, "courts have consistently held that city councils, parish sheriff's offices, and city permit offices are not separate government units with the capacity to sue or be sued." Urban Hous. of Am., Inc. v. City of Shreveport, 2013 WL 587894, *4 (W.D. La. 2013), citing City Council of City of Lafayette v. Bowen, 94–584 (La. App. 3 Cir. 11/2/94), 649 So.2d 611; Roy, 984 So.2d at 195; Cozzo v. Tangipahoa Parish Council—President Government, 279 F.3d 273, 283 (5th Cir. 2002); Porche v. St. Tammany Parish Sheriff's Office, 67 F.Supp.2d 631 at 635 (E.D. La. 1999); Angers ex rel. Angers, 2007 WL 2908805 at *2; Batiste v. Bonin, 2007 WL 1791219 (W.D. La. 2007). These divisions are branches or parts of the greater corporate body politic or juridical entity, i.e., the city itself, are not autonomous or self-governing legal entities, and therefore do not possess the capacity to be sued. See Bowen, 649 So.2d 611. Likewise, municipal police departments are entities that lack such capacity. See Neil v. Schlueter, 2010 WL 497763, *4 (E.D. La. 2010).

Given the above, the Court finds that neither the City Council nor APD are juridical entities susceptible of being sued. As such, Plaintiffs are not entitled to any relief against the City Council or APD under the legal theories they allege in their Petition.

## CONCLUSION

Based on the foregoing analysis, Defendants the City, the City Council, and APD's unopposed "Motion to Dismiss" (Record Document 9) seeking to dismiss all claims made

---

vested in the council, except as otherwise provided by law or this charter, and the council shall provide for the exercise thereof and for the performance of all duties and obligations imposed on the city by law." Id. The court found the home rule charter was silent on the capacity of the council to sue or be sued and concluded, "La.Civ.Code art. 24 states that there are two kinds of persons: natural and juridical. The City Council [of Alexandria] is neither…." Id.

against the City Council and APD pursuant to Federal Rule of Civil Procedure 12(b)(6) is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of May, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT